1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   MICROSOFT CORPORATION, etc.,      ) Case No. 08-CV-1026-WQH (JMA)
                                        )
12              Plaintiff,              ) **NOTICE AND ORDER FOR EARLY**
                                        ) **NEUTRAL EVALUATION CONFERENCE**
13   v.                                 )
                                        )
14   ARP COMPUTER SOLUTIONS, INC.,      )
     etc.; and SALAH SOLTANI, etc.,     )
15                                      )
                Defendants.             )
16                                      )
                                        )
17   ─────────────────────────────────  )

18       **IT IS HEREBY ORDERED** that an Early Neutral Evaluation

19   Conference will be held on **September 5, 2008** at **10:000 a.m.** in

20   the chambers of the Honorable Jan M. Adler, United States

21   Magistrate Judge, Room 1165, U.S. Courthouse, 940 Front Street,

22   San Diego, California.

23       Pursuant to Rule 16.1(c) of the Local Rules of the United

24   States District Court for the Southern District of California,

25   **all named parties, all counsel, and any other person(s) whose**

26   **authority is required to negotiate and enter into settlement**

27   **shall appear in person at the conference,** shall be prepared to

28   discuss the claims and defenses, and shall be legally

08cv1026

1   and factually prepared to discuss and resolve the case at the

2   Early Neutral Evaluation Conference.  **The individual(s) present**

3   **at the Early Neutral Evaluation Conference with settlement**

4   **authority must have the unfettered discretion and authority on**

5   **behalf of the party to:  1) fully explore all settlement options**

6   **and to agree during the Early Neutral Evaluation Conference to**

7   **any settlement terms acceptable to the party (*G. Heileman Brewing***

8   ***Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir.**

9   **1989)), 2) change the settlement position of a party during the**

10  **course of the Early Neutral Evaluation Conference (*Pitman v.***

11  ***Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and**

12  **3) negotiate a settlement without being restricted by any**

13  **predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,**

14  **270 F.3d 590, 596 (8th Cir. 2001)).**

15      Governmental entities may appear through litigation counsel

16  only.  As to all other parties, appearance by litigation counsel

17  only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall</u>

18  <u>not</u> appear on behalf of a corporation as the party who has the

19  authority to negotiate and enter into a settlement.  **The failure**

20  **of any counsel, party or authorized person to appear at the Early**

21  **Neutral Evaluation Conference as required will result in the**

22  **immediate imposition of sanctions.**

23      All conference discussions will be informal, off the record,

24  privileged, and confidential.

25      Counsel for any non-English speaking parties is responsible

26  for arranging for the appearance of an interpreter at the

27  conference.

28      Although the submission of statements is <u>not</u> required in

1  advance of the Early Neutral Evaluation Conference, parties may

2  submit concise statements if desired.  If a statement is

3  submitted, it shall be provided to chambers <u>no later than one</u>

4  <u>week</u> prior to the scheduled conference.[1]  If the parties submit

5  statements in connection with the Early Neutral Evaluation

6  Conference, they may either do so on a confidential basis or may

7  exchange their statements.

8       Rule 26 of the Federal Rules of Civil Procedure shall apply

9  to this case.  All discovery shall be stayed until after the Rule

10 26(f) conference, unless otherwise permitted by Rule 26(f) or

11 court order.

12      In the event the case does not settle at the Early Neutral

13 Evaluation Conference, the parties shall also be prepared to

14 discuss the following matters at the conclusion of the

15 conference:

16      1.   Any anticipated objections under Federal Rule of Civil

17 Procedure 26(a)(1) to the initial disclosure provisions of Rule

18 26(a)(1)(A-E);

19      2.   The scheduling of the Rule 26(f) conference;

20      3.   The date of initial disclosures and the date for

21 lodging the discovery plan following the Rule 26(f) conference;

22 and

23      4.   The scheduling of a Case Management Conference pursuant

24 to Rule 16(b).

25      Plaintiff's(s') counsel shall give notice of the Early

26 Neutral Evaluation Conference to parties responding to the

27

28      [1]Statements may be delivered directly to chambers, e-mailed to
efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

08cv1026

1  complaint after July 22, 2008.

2      Questions regarding this case may be directed to the

3  Magistrate Judge's law clerk at (619) 557-5585.

4      **IT IS SO ORDERED.**

5  DATED:  July 22, 2008

6  _____
   Jan M. Adler

7  U.S. Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1026

**NOTICE OF RIGHT TO CONSENT TO TRIAL
BEFORE A UNITED STATES MAGISTRATE JUDGE**

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.